UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JOE NAVARETTE,

    Petitioner,

v.

CINDY BLACK,

    Respondent.

Case No.   2:22-cv-01197-JDP (HC)

ORDER DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AS MOOT AND FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE SECTION 2254 CLAIM AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS

ECF Nos. 1 & 5

    Petitioner, a pre-trial detainee proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that it fails to state a viable federal claim. I will give petitioner a chance to amend before recommending that this action be dismissed. I will deny as moot petitioner's application to proceed *in forma pauperis*, ECF No. 5, because he has already paid the filing fee.

    The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

    Petitioner raises several claims related to the arrest that preceded certain state criminal proceedings that are now ongoing against him. Given that petitioner has not been convicted and

1

that the proceedings against him are ongoing, his claims are unsuitable to proceed in this action. Under the Supreme Court's decision in *Younger v. Harris*, a federal court cannot interfere with ongoing state criminal proceedings absent extraordinary circumstances. 401 U.S. 37, 45 (1971). Petitioner has not offered a substantive argument as to why the claims concerning his arrest cannot be raised in state court.[1] Thus, he has not made out a claim of extraordinary circumstances warranting federal intervention. *Id.* at 49.

Petitioner may, if he chooses, file an amended petition addressing the above-identified shortcomings. If he does not, I will recommend that this action be dismissed.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 5, is DENIED as moot.

2. Petitioner may file an amended § 2254 petition within thirty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

3. The Clerk of Court is directed to send petitioner a federal habeas form with this order.

IT IS SO ORDERED.

Dated:   November 3, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner does vaguely argue that the district attorney, the county sheriff, and his public defender all colluded to conceal evidence of "crimes committed against [him]." ECF No. 1 at 5. He offers no specifics regarding this alleged collusion, however.