UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOEL NAVARETTE,<br><br>  Petitioner,<br><br>  v.<br><br>CINDY BLACK,<br><br>  Respondent. | Case No.  2:22-cv-01197-JDP (HC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS CASE<br><br>FINDINGS AND RECOMMENDATIONS THAT THE AMENDED PETITION BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 7 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254.  He acknowledges, however, that he is a pre-trial detainee and the state criminal proceedings against him are ongoing.  Accordingly, I find that I must abstain from considering the merits of his claims under the *Younger*[1] abstention doctrine.  I recommend that his amended petition be dismissed without leave to amend.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

---

[1] *Younger v. Harris*, 401 U.S. 37, 45 (1971).

       Petitioner alleges that he is a pre-trial detainee. ECF No. 7 at 3. He claims that his appointed counsel has rendered ineffective assistance by failing to subpoena police video of a police dog attacking him during his arrest. *Id.* at 4. Additionally, he alleges that his counsel has, to date, failed to investigate the alleged victim's background. *Id.* Under *Younger*, a federal court must abstain from interfering with ongoing state criminal proceedings where: (1) state proceedings, judicial in nature, remain pending; (2) those proceedings involve important state interests; and (3) the state proceedings afford the claimant adequate opportunity to raise the constitutional issues at bar. *See Arevalo v. Hennessy,* 882 F.3d 763, 765 (9th Cir. 2018). Here, there are pending state judicial proceedings that implicate important state interests, and petitioner will have the opportunity to raise these issues either at trial or on direct review of his potential conviction. Additionally, from a more basic perspective, it would make little sense to litigate ineffective assistance of counsel claims where, as here, the outcome of petitioner's trial is undetermined. It remains possible petitioner will be acquitted, in which case, no ineffective assistance claim will be viable.

       It is ORDERED that the Clerk of Court shall assign a district judge to this case.

       Additionally, it is RECOMMENDED that the amended petition, ECF No. 7, be DISMISSED without leave to amend.

       These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   December 21, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE